UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 14-CV-2071 YGR |
| Plaintiff, | ) **ORDER GRANTING PRELIMINARY** |
| v. | ) **INJUNCTION** |
| | ) [Fed. R. Civ. P. 65; 18 U.S.C. § 1345] |
| BURTON ORVILLE BENSON. | ) |
| Defendant. | ) |
| | ) |

This matter came before the Court on Plaintiff's motion for a preliminary injunction order to enjoin and restrain Defendant Burton Orville Benson ("Defendant") from violating 18 U.S.C. § 1341 (Mail Fraud), 18 U.S.C. § 1343 (Wire Fraud), and 18 U.S.C. § 1957 (Money Laundering) through his alleged scheme to defraud the Energy, Research, and Generation, Inc. Profit Sharing Plan (the "Plan") and Plan participants by committing theft of Plan assets, and enjoining Defendant from alienating and disposing of property obtained as a result of said violations.

The Court conducted a hearing on May 22, 2014. Defendant appeared pro se. Intervenor Bryan D. Leyda appeared by counsel David Shapiro. Plaintiff appeared by Assistant U.S. Attorney Raven Norris. Keslie Stewart, Assistant U.S. Attorney, also appeared.

Plaintiff having established a likelihood of prevailing on the merits of its claims, the balance of the equities favoring preliminary injunctive relief, and good cause having been shown, the Court **GRANTS** Plaintiff's motion and **ORDERS** that Defendant is **ENJOINED** as follows:

**1.** Pending Final Judgment in this case, Defendant Burton Orville Benson, his agents, brokers, attorneys, entities owned or controlled by Defendant, and all those acting in concert or participation with Defendant (including, without limitation, any employees and/or family members acting in concert or participation with Defendant) are **HEREBY RESTRAINED AND ENJOINED** from the

1

following:

(A)     Acting as the Plan's trustee and/or fiduciary to obtain any money under the custody or control of the Plan and Plan Participants;

(B)     Accepting, transferring, alienating, encumbering and/or disposing of, or otherwise taking any action with respect to monies received from the Plan and Plan Participants;

(C)     Withdrawing, transferring, removing, dissipating, and/or disposing of, any funds presently deposited or held on Defendant's behalf and/or behalf of the Plan by any financial institution, trust fund, brokerage agency or other financial agency, public or private, including but not limited any and all funds held in the following financial institution accounts:

| Financial Institution | Account Number | Account Name |
| --- | --- | --- |
| Charles Schwab & Company | 3185-1514 | ERG RETIREMENT TRUST U/A DTD 01/01/77 |
| | | |
| Vanguard Group, Inc. | 0979-182-6507 | ERG-FORD RETIREMENT TRUST |
| Vanguard Group, Inc. | 0979-185-2555 | ERG RETIREMENT TRUST |
| Vanguard Group, Inc. | 0979-185-2830 (Closed) | ERG RETIREMENT TRUST |
| Vanguard Group, Inc. | 0994-924-9198 | ERG-MC RETIREMENT TRUST |
| Vanguard Group, Inc. | 0995-843-2145 | ERG-BOB RETIREMENT TRUST |
| Vanguard Group, Inc. | 0997-586-2549 | ERG RETIREMENT TRUST |
| Vanguard Group, Inc. | 0998-397-5224 | ERG RETIREMENT TRUST |
| | | |
| Bank of St. Croix | 330 11221 | ERG RETIREMENT TRUST |

(D)     Withdrawing, transferring, removing, dissipating, and disposing of funds held on behalf of Defendant in the following bank accounts:

| Financial Institution | Account Number | Account Name |
| --- | --- | --- |
| Vanguard Group, Inc. | 0997-0988-224 | IFW-BVI |
| | | |
| Bank of St. Croix | 220-10003 | IFW-BVI |
| Bank of St. Croix | 220-11805 | Bay Estates Group |
| Bank of St. Croix | 220-13375 | Bay Estates Group |
| Bank of St. Croix | 220-14037 | Bay Estates Group |

2.     **IT IS FURTHER ORDERED** that Defendant may petition the Court for an order permitting Defendant to may use funds earned in the future, deposited at a financial institution for reasonable and

ordinary living expenses, in an amount not to exceed that determined by the Court, provided, however, that Defendant produce to the Court and the United States a verified disclosure of the sources of such future income and liabilities documenting his financial condition as outlined in paragraphs 55-57 in the form attached as Exhibit 1.

**3.     IT IS FURTHER ORDERED** that the United States of America has demonstrated the need for appointment of an independent fiduciary to manage the Plan and Plan assets under 18 U.S.C. § 1345(a)(2)(B)(ii) and 1345(b).  The Court shall review the names and qualifications of persons or organizations submitted by the United States and by Intervenor Bryan Leyda, and will select a fiduciary from the proposed candidates or any third party known to the Court.  Upon selection of a fiduciary, the Court shall issue an order appointing the selected fiduciary and direct the appointed fiduciary to take control and manage for the benefit of Plan participants, all property, presently held for or on behalf of the Plan by Defendant or any third party, or for the use or benefit of any third party, by any other business or company Defendant owns, operates or exercises control over.

Such a fiduciary shall exercise all necessary powers to effectuate this Order, as well as distribute any funds for the benefit of any Plan participants, or other third parties, including, but not limited to, the following authority to:

(a) administer Plan accounts, funds, and, if necessary, implement their orderly termination;

(b) collect, marshal, and administer all of the Plan's assets, including those sums owing and payable to it, process any unadjudicated claims and pay those which are found to be legitimate;

(c) identify all creditors of the Plan and resolve all claims against the Plan and its assets;

(d) conduct all necessary administrative functions including but not limited to completing a full accounting of all Plan assets, determining account balances, participant census, and providing disclosure to participants, including issuing benefit statements;

(e) conduct Plan asset valuations including a determining the current Fair Market Value of all Plan assets;

(f) conduct all necessary reporting requirements including filing the Plan's Annual Form 5500s with the Department of Labor; and

(g) upon further order of the Court, be paid a commercially reasonable fee from any such

property so long as the action to be taken is necessary and in the best interests of any plan participants, and that such fees do not violate any obligation by any party under the Crime Victim's Rights Act of 2004.

Any such fiduciary shall be retained and have the foregoing powers and authority until such time as the United States of America notifies the Court that such an appointment is no longer necessary, for whatever reason, or until the Court orders otherwise.

This Order granting a preliminary injunction shall be served upon Defendant Burton Orville Benson by personal service.  This Order shall be served upon any person or entity bound hereby by personal service or as otherwise provided by law for service of process.

This Order and the relief granted herein shall remain in effect through the conclusion of this proceeding and the related Criminal Case No. 12-cr-0480-YGR, unless and until otherwise modified in writing by the court, and consistent with this and any prior orders.

IT IS SO ORDERED

Dated:  May 23, 2014

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE