United States District Court
Northern District of California

1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6

**UNITED STATES OF AMERICA,**

    Plaintiff,

    vs.

**BURTON O. BENSON,**

    Defendant.

14-cv-2071 YGR

**ORDER GRANTING STIPULATION RE: SETTLEMENT**

(Dkt. No. 123)

_____

**NICHOLAS SAAKVITNE,** *Trustee, ERG Profit Sharing Plan,*

    Plaintiff,

v.

**BURTON ORVILLE BENSON,**

    Defendant.

_____

*And related action:*

15-cv-5091 YGR

## **STIPULATION**

IT IS HEREBY STIPULATED AND AGREED between the United States of America, Nicholas Saakvitne ("Saakvitne"), as Trustee, Plan Administrator, and Independent Fiduciary of the Energy Research and Generation, Inc. Profit Sharing Plan and Associated Retirement Trust ("the Plan"), Energy Research and Generation, Inc. and ERG Aerospace (collectively "ERG"), Bryan Leyda ("Leyda"), Evelyn Hermsmeier ("Hermsmeier"), Antonio Gomez, Berry Seamon, David Crotzer, Ernie Ward, Noel Crisolo, Melody Carter, Logan Thiesen, Edward Clark, Robert Perez and Stephen Dyer, by and through their respective counsel of record, as follows:

1.    The Parties hereto wish to resolve all claims asserted in or related to the following pending cases: *United States of America v. Burton Benson*, Case No. 14-cv-2071-YGR; and *Saakvitne v. Benson*, Case No. 15-cv-5091-YGR ("the Burton Benson Litigation").

2.    The Parties hereto, including the participants in the Plan, and Elizabeth Benson have reached a Settlement Agreement ("the Agreement") resolving all claims asserted in or arising out of the Burton Benson Litigation, contingent upon the Court executing the attached Order. The Agreement is attached hereto as Exhibit A and is incorporated by reference herein, including a redacted version of Exhibit 2 to the Settlement Agreement, which sets forth participant balances and percentage interests in the Plan. The signatories to the Agreement have submitted to the jurisdiction of this Court for the purposes of the attached Order.

3.    ERG shall make payments to the Plan in accordance with Paragraph 1 of the Settlement Agreement.

4.    In accordance with Paragraph 2 of the Agreement, the Plan shall transfer to ERG any and all right, title or interest the Plan may have in the following: (1) the Plan's interest in Sargent Ranch Partners, LLC ("the Sargent Ranch Units"); (2) the Plan's interest in or claims against real property in the U.S. Virgin Islands, including the properties located at 3 King Cross and 254 Estate Glynn ("the Virgin Islands Properties");  (3) the Plan's interest, if any, in Acacia Properties, LLC, dba Benson Properties, Ltd., including, but not limited to, the properties located at 189 Ivy Drive, Orinda, California; 266 Elsie Drive, Danville, California; 3341 N. Lucille Lane, Lafayette, California; 7 Mount Pleasant, St. Croix; 3 Arroyo Drive, Orinda, California (subject to a claim by Evelyn Hermsmeier that she owns 3 Arroyo Drive); 143 Alice Lane, Orinda, California, subject to all liens and encumbrances against the properties; and (4) the Plan's interest in or claim to the real property located at 15260 S. Shore Drive, Truckee, California ("the Donner Lake Property").

5.    The Parties, including the United States and the Department of Labor, also agree that the transactions described in Paragraph 2 of the Agreement are exempt from the prohibited transaction provisions of *ERISA* §406(a)(1)(A) [29 U.S.C. §1106(a)(1)(A)] pursuant to Prohibited Transaction Class Exemption 1994-71. (Exemption 94-71). The Parties, specifically including the

United States and the United States Department of Labor, further agree that the installment payments by ERG to the Plan in exchange for the transfer of property referred to above also are exempt from the prohibited transaction provisions of *ERISA* §406(a)(1)(A) [29 U.S.C. §1106(a)(1)(A)] pursuant to Prohibited Transaction Class Exemption 94-71.

6.  The Agreement and this Stipulation are contingent upon satisfaction of the conditions set forth in Paragraphs 5 and 6 of the Agreement relating to the Department of Justice Tax Division and California Franchise Tax Board.

7.  The Parties have agreed that the cases of *United States of America v. Burton Benson*, Case No. 14-cv-2071-YGR; and *Saakvitne v. Benson*, Case No. 15-cv-5091-YGR shall be dismissed with prejudice upon the effective date of the Agreement; however, the Court will retain jurisdiction to enforce the Agreement and this Stipulation and Order until ERG completes all of its obligations under the Agreement and this Stipulation. Nicholas Saakvitne, the Trustee appointed by the Court, shall be removed upon the effective date of the appointment of a new Trustee.

8.  The Parties have agreed that the Plan will pay Elizabeth Benson $12,000 per month for 21 months or until her death, whichever comes first, in full satisfaction of Burton Benson's interest in the Plan and of his beneficiary's and/or heirs' interest in the Plan. The Parties also have agreed to the entry of a Court Order forfeiting Burton Benson's participant interest in the Plan in excess of the amount to be paid to Elizabeth Benson.

9.  The Parties have agreed that the Civil Forfeiture Agreements entered into by Bradley Benson and Eric Benson are declared null and void. However, Bradley Benson will cooperate to transfer good title to the Donner Lake Property to the Plan, subject to transfer thereafter to ERG.

10. The Plan has agreed to pay Evelyn Hermsmeier $250,000 and ERG has agreed to pay her $200,000 in full satisfaction of her claims relating to the ERG Ford Trust. The Parties have agreed that all assets nominally held in the name of the alleged ERG Ford Trust are assets of the Plan and are to be deemed transferred to the Plan.

11. The Parties have agreed to release all claims against each other as set forth in Sections 15 through 17 of the Agreement. The Parties have agreed that the Plan will release any

3

security interests in the properties mentioned in Paragraphs 2 and 18 of the Agreement in accordance with the terms set forth in Paragraph 18 of the Agreement.

12.     At the time of the transfer of the Sargent Ranch Units, ERG has agreed it will pledge those Units to the Plan in accordance with the provisions of the California *Uniform Commercial Code*. The pledge will be released by the Plan in accordance with the terms of the Agreement.

13.     At the time of the transfer of the Donner Lake Property, ERG has agreed that it will provide the Plan with a first deed of trust or other appropriate lien against the Donner Lake Property. The Plan will release the deed of trust or lien in accordance with the terms of the Agreement.

14.     As part of the Agreement, the Plan has agreed to transfer to ERG the Plan's interests in properties located at 3 King Cross and 254 Estate Glynn in the Virgin Islands, which interests currently are being foreclosed upon by the Plan. ERG has agreed that upon successful completion of the foreclosure lawsuit, ERG will provide the Plan with first position liens against 3 King Cross and 254 Estate Glynn upon ERG taking ownership of the properties. The Plan will release the deed of trust or lien in accordance with the terms of the Agreement. If the properties are sold to a higher bidder at the foreclosure auction, the foreclosure proceeds will be delivered directly from escrow to the Plan and will be applied against the balance owed pursuant to the Agreement.

15.     The Parties also have agreed that if ERG sells any of the properties referred to in Paragraph 2 of the Agreement before ERG has paid the Plan the full amount due pursuant to the Agreement, then ERG will transfer the net proceeds to the Plan directly from escrow, until the full amount of $3,250,000, plus interest, has been paid to the Plan.

16.     In the event of a default by ERG, and the failure of ERG to cure that default within 60 days, the Plan may take whatever steps it deems appropriate to enforce and/or foreclose on its security interests in the Sargent Ranch Units, the Donner Lake Property and/or the Virgin Islands Properties.

17.     The Parties have agreed that distributions to the participants in the Plan will be paid in accordance with Exhibit 2 to the Settlement Agreement, and that all partial distributions will be made *pro rata* based on Exhibit 2 to the Settlement Agreement.

[signatures in original document]

Fabian VanCott                                            Dated: _____

By: _____
        Jeffrey B. Setness
        Attorneys for Energy Research Generation,
        Inc. and ERG Aerospace

Boersch Shapiro LLP                                       Dated: _____

By: _____
        David W. Shapiro
        Attorneys for Intervenor/Participant Bryan
        Leyda, Interested Party/Participant Evelyn
        Hermsmeier and Participants Antonio Gomez,
        Berry Seamon, David Crotzer,
        Ernie Ward, Noel Crisolo, Melody Carter,
        Logan Thiesen, Edward Clark, Robert Perez,
        and Stephen Dyer

Albert & Will, LLP                                        Dated: _____

By: _____
        Mitchell J. Albert
        Attorneys for Nicholas Saakvitne, Trustee

Brian C. Stretch
United States Attorney
                                                          Dated: _____

By: _____
        Julie C. Reagin
        Assistant United States Attorney
        Attorneys for Plaintiff United States of
        America

5

**ORDER GRANTING STIPULATION**

The Court, having reviewed the above Stipulation of the Parties (filed November 17, 2017 at Docket No. 123 in 14-cv-2071, "Stipulation"), and good cause appearing, **ORDERS** as follows:

1.     The case of *United States of America v. Benson*, Case No. 14-cv-2071-YGR, is dismissed with prejudice.

2.     The case of *Saakvitne v. Benson*, Case No. 15-cv-5091-YGR, is dismissed with prejudice.  However, the Court retains jurisdiction to enforce the Settlement Agreement ("the Agreement," Exhibit A hereto) and this Order Granting Stipulation Re: Settlement until ERG completes all of its obligations under the Agreement and this Order Granting Stipulation Re: Settlement.

3.     The Court **ORDERS** that all assets nominally in the name of the alleged ERG Ford Trust are assets of the Plan, and are hereby deemed transferred to the Plan.  Evelyn Hermsmeier will cooperate with the Plan and will execute any documents necessary to transfer assets of the ERG Ford Trust formally to the Plan.  Except as provided in Paragraph 10 of the Stipulation, it is hereby ordered that Hermsmeier has no further interest in the ERG Ford Trust or assets nominally in its name.

4.     Except as provided in Paragraph 8 of the Stipulation, the Court **ORDERS** pursuant to 26 U.S.C. §401(a)(13)(C)(ii) and 29 U.S.C. §1056(d)(4)(B) that Burton Benson's interest as a participant in the Plan and that of his beneficiaries and/or heirs is hereby forfeited due to Burton Benson's fiduciary breaches as Trustee of the Plan

5.     The Court hereby finds, pursuant to the Stipulation, that the transfers by the Plan to ERG of property or of claims to or interests in property described in Paragraph 4 of the Stipulation are exempt from the prohibited transactions provisions of *ERISA* [29 U.S.C. §1106(a)] pursuant to Prohibited Transaction Class Exemption 1994-71.  The transactions referenced in the Stipulation and Agreement are the transfers of the following: (1) the Plan's interest in Sargent Ranch Partners, LLC ("the Sargent Ranch Units"); (2) the Plan's interest in or claims against real property in the U.S. Virgin Islands, including the properties located at 3 King Cross and 254 Estate Glynn ("the

Virgin Islands Properties"); (3) the Plan's interest, if any, in Acacia Properties, LLC, dba Benson Properties, Ltd., including, but not limited to, the properties located at 189 Ivy Drive, Orinda, California; 266 Elsie Drive, Danville, California; 3341 N. Lucille Lane, Lafayette, California; 7 Mount Pleasant, St. Croix; 3 Arroyo Drive, Orinda, California (subject to a claim by Evelyn Hermsmeier that she owns 3 Arroyo Drive); 143 Alice Lane, Orinda, California, subject to all liens and encumbrances against the properties; and (4) the Plan's interest in or claim to the real property located at 15260 S. Shore Drive, Truckee, California ("the Donner Lake Property").

The Court finds, pursuant to the terms of the Stipulation and Agreement, that the installment payments by ERG to the Plan in exchange for the transfer of the properties referred to above are exempt from the prohibited transactions provisions of *ERISA* [29 U.S.C. §1106(a)] pursuant to Prohibited Transaction Class Exemption 1994-71.

6.      Thomas Dillon is hereby appointed as the new Trustee of the Plan in place of Nicholas Saakvitne ("Saakvitne"), and Saakvitne is hereby immediately relieved of all of his duties to the Plan.

7.      Distributions by the new Trustee to the participants shall be made in accordance with the Agreement.

8.      In the event of a default by ERG with respect to its obligations to the Plan pursuant to the Agreement and/or this Order on Stipulation, and the failure to cure that default within 60 days, the Plan may take whatever steps it deems appropriate to enforce or foreclose on its security interests in the Sargent Ranch Units, the Donner Lake Property and/or the Virgin Islands Properties.

IT IS SO ORDERED.

Dated: December 5, 2017

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE